IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | COMPLAINT |
| v. ) ) | CIVIL ACTION NO. 09-300-DRH |
| ELKS BPOE, JERSEYVILLE, ILLINOIS LODGE NO. 954 ) ) ) | JURY TRIAL REQUESTED |
| Defendant. ) ) | |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Vicki L. Vickers, Elizabeth Stemm, and Jackie Davidson (formerly Jackie Atteberry while employed by defendant) who were adversely affected by such practices. As alleged with greater particularity in paragraph 7 in the "Statement of Claims" below, Ms. Vickers, Stemm, and Davidson were subjected to a hostile environment caused by unwanted sexual advances and comments by certain members of Defendant's Board of Trustees and were retaliated against by Defendant when they complained of such advances and comments, including the constructive discharge of Vickers and the discharge of Davidson.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f) (1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Illinois.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Elks BPOE, Jerseyville, Illinois Lodge No. 954 (the "Employer") has continuously been an fraternal organization doing business in the State of Illinois and the City of Jerseyville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Vicki L. Vickers, Elizabeth Stemm, and Jackie Davidson filed a charge with the Commission alleging violations of Title VII by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least November 2005, Defendant has engaged in unlawful employment practices at its Jerseyville, Illinois facility in violation of Section 703(a) and 704 (a) of Title VII, 42 U.S.C. §2000e-2 (a), and §2000e-3 by:

(a) subjecting Vickie Vickers, Elizabeth Stemm, and Jackie Davidson to unlawful sexual harassment by members of its Board of Trustees, specifically Allen Dunham (towards Vickers), Joe Ritter (towards Vickers and Stemm), and Dennis Prough (towards Davidson) and by numerous of its members, during their employment from November 2005 to August 2006, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2 (a). The unlawful conduct was unwelcome, sexual in nature, and directed at Vickers, Stemm, and Davidson

2

because of their sex, female. The unlawful conduct was sufficiently severe or pervasive to create a hostile working environment for Vickers, Stemm, and Davidson which altered the terms or conditions of their employment. Vickers, Stemm, and Davidson complained about such conduct to Defendant, but Defendant failed to take appropriate corrective and remedial action in response to those complaints and failed to end such unlawful conduct;

    (b)    retaliating against Vickie Vickers, Elizabeth Stemm, and Jackie Davidson in violation of Section 704 (a) of Title VII, 42 U.S.C. §2000e-3 (a) because they protested and complained to Defendant, its bar manager and members of its Board of Trustees about the unlawful sexual harassment, by subjecting them to: (1) abusive comments and threats; (2) by reducing the number of hours of their work; and (3) assigning them to the least desirable shifts and days of work; and by discharging Davidson from her employment and causing the constructive discharge of Vickers..

    8.    The effect of the practice(s) complained of in paragraphs 7(a) and (b) above has been to deprive Vickers, Stemm, and Davidson of equal employment opportunities and otherwise adversely affect their status as employees because of their sex and for engaging in protected activity under Title VII and includes the constructive discharge of Vickers.

    9.    The unlawful employment practices complained of in paragraphs 7(a) and (b) above were intentional.

    10.    The unlawful employment practices complained of in paragraphs 7(a) and (b) above were done with malice or with reckless indifference to the federally protected rights of Vickers, Stemm, and Davidson.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

    A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, members, and all persons in active concert or participation with it, from engaging in:

(1) sexual harassment, (2) discriminatory reduction of the number of hours of work; (3) discriminatory shifts assignments; (4) discriminatory assignment of days of work, and any other other employment practice which discriminates on the basis of sex or engaging in protected activity within the meaning of Title VII.

  B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons who engaged in protected activity within the meaning of Title VII, and which eradicate the effects of its past and present unlawful employment practices.

  D. Order Defendant to make whole Vickers, Stemm, and Davidson by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement (or in lieu of reinstatement, front pay) of Vickers and Davidson.

  E. Order Defendant to make whole Vickers, Stemm, and Davidson, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7(a) and (b) above, including but not limited to job search expenses, in the amounts to be determined at trial.

  F. Order Defendant to make whole Vickers, Stemm, and Davidson, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7(a) and (b) above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G. Order Defendant to pay Vickers, Stemm, and Davidson punitive damages for its malicious and reckless conduct described in paragraph 7(a) and (b) above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

BARBARA A. SEELY
Regional Attorney

C. FELIX MILLER
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
St. Louis District Office
Robert A. Young Federal Bldg.
1222 Spruce, Room 7.100
St. Louis, MO 63103
314-539-7914
Facsimile: 314-539-7795