IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

_____

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| and ) | |
| ) | Civil Action No. 3:09CV00200 DRH |
| VICKI L. VICKERS, ELIZABETH ) | |
| STEMM and JACKIE DAVIDSON ) | |
| ) | |
| Plaintiff-Intervenors, ) | |
| ) | |
| v. ) | |
| ) | |
| ELKS BPOE, JERSEYVILLE, ILLINOIS ) | |
| LODGE NO. 954, ) | |
| ) | |
| Defendant. ) | |

_____

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission (hereinafter the "Commission") has instituted this action alleging that the Elks BPOE, Jerseyville, Illinois, Lodge No. 954 (Elks Lodge 954) subjected Vickie Vickers, Elizabeth Stemm and Jackie Davidson (formerly Jackie Atteberry) to sexually harassing conduct and discrimination in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). Vickers, Stemm and Davidson have intervened in the lawsuit filed by Plaintiff pursuant to 42 U.S.C. § 2000e-5(f)(1).

Elks Lodge 954 has contested the allegations in this action made by the Commission and/or the above-stated interveners and asserted among other defenses that it is not an employer under Title VII.

For purposes of settlement and compromise only, the parties have advised the Court that they wish to resolve the instant controversy without the expense, delay, and burden of further litigation;

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of this action, (ii) the requirements of the Title VII will be carried out by the implementation of this Decree, (iii) this Decree is intended to and does resolve all matters in controversy in this lawsuit among the parties, and (iv) the terms of this Decree constitute a fair and equitable settlement of all issues in this lawsuit.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

### I. General Provisions

1. This Decree, being entered with the consent of the parties for purposes of settlement, shall not constitute adjudication on the merits of this lawsuit and shall not be construed as an admission by Defendant of any violation of Title VII or that Defendant is an employer as defined by Title VII.

2. Defendant shall not discriminate against its employees with respect to hiring, promotion, firing, compensation, or other terms, conditions or privileges of employment on the basis of sex.

3. Defendant shall not discriminate or retaliate against any person because he or she: (a) has opposed any practices alleged in this lawsuit as unlawful under Title VII; (b) has participated in any investigation by the Commission connected with or leading up to this lawsuit; (c) has participated in this lawsuit; or (d) has benefited or will benefit in any way as a result of this Consent Decree.

## II. Relief for Charging Parties

1. Defendant will pay Vickie Vickers, Elizabeth Stemm and Jackie Davidson a total sum of $107,500 to be divided among them in settlement of all claims brought by the EEOC and Plaintiff/Intervenors against Defendant. These payments are conditioned on separately executed settlement agreements between Defendant and Plaintiff-Interveners, in which their Attorney, Jonathan Berns will instruct the Defendants' Attorney how the settlement checks are to be made out (i.e. the amount of each check to each of the interveners and/or their counsel, but the total of said checks shall not be more than $107,500.00). Within thirty (30) days after execution of the Decree and each of the interveners' execution of their separate settlement agreements, provided they are not rescinded by any of the Plaintiff-Interveners, Defendant will mail the settlement checks as directed by Jonathan Berns. Defendant shall issue a Form 1099 to each of Vickers, Stemm and Davidson for their respective settlement amounts.

## III. Posting and Policies

1. Defendant shall post and cause to remain posted the Notice attached hereto as Exhibit A, in locations visible to all employees of Elks Lodge 954, for a period of three (3) years, starting from the date of entry of this Decree.

2. Defendant shall, within sixty (60) days of entry of this Decree, adopt a sexual harassment policy and reporting procedure and post the policy and reporting procedure in locations visible to all employees of Elks Lodge 954, for a period of three (3) years, starting from the date of entry of this Decree. Defendant shall, at least fifteen (15) days prior to posting the policy and reporting procedures, provide a copy of the documents to Barbara Seely, EEOC Regional Attorney, for comment and approval.

3. Defendant shall post and cause to remain posted the posters required to be displayed in the workplace by EEOC regulation 29 C.F.R. §1601.30 in locations visible to all employees of Elks Lodge 954.

4. Defendant shall, within six (6) months from the date of entry of this Decree, provide sexual harassment training to all management and non-management employees of Elks Lodge 954. Defendant shall, at least thirty (30) days prior to the training, provide a copy of the training materials to Barbara Seely, EEOC Regional Attorney, for comment and approval.

### IV. Reporting, Record-keeping, and Access

1. Every six (6) months during the effective period of this Decree, Defendant shall provide written notification to the EEOC's Regional Attorney in its St. Louis District Office of any internal complaint of sex discrimination or sex harassment, made by any employee of Elks Lodge 954, including the name(s) of the employee(s), a description of the investigation of the complaint(s), the finding of the investigation and a description of action taken, or resolution of the complaint(s).

2. Within ninety (90) days of the entry of this Decree, Defendant shall prepare and submit to the EEOC's Regional Attorney in its St. Louis District Office a letter affirming that the notices have been posted and that the posters have been posted as required by Section III, above.

3. Within forty-five (45) days of the completion of the training required under Section III, subsection 4, Defendant shall prepare and submit to the EEOC's Regional Attorney in its St. Louis District Office a letter affirming completion of said training. The letter shall include the names of all employees who attended the training.

## V.  Term and Effect of Decree

1. By entering into this Decree the parties do not intend to resolve any charges of discrimination currently pending before the Commission other than Charge Numbers 560-2006-01638 (Stemm), 560-2006-03072 (Davidson) and 560-2006-01434 (Vickers).  There are no charges pending with the EEOC, that were filed by Plaintiff/Intervenors, except those identified in this paragraph.

2. This Decree shall be binding upon the parties hereto, their successors and assigns.

3. This Decree shall be for a period of three (3) years.  The Court shall retain jurisdiction of this cause solely for purposes of enforcing the terms of this Decree.  The Court will not retain jurisdiction to determine any issues raised or that could have been raised in instant lawsuit.  Once the three (3) year term of the Consent Decree has expired, the EEOC's lawsuit shall be considered dismissed with prejudice.

4. Each party shall bear that party's own costs and attorneys' fees.


DATE:  July 19, 2010                                    /s/            *David R Herndon*
                                                                                UNITED STATES DISTRICT JUDGE

FOR DEFENDANT:

by _____
Elks, BPOE, Lodge No. 954
Gregg Cooper

FOR PLAINTIFF:

_____
BARBARA A. SEELY
Regional Attorney

_____
C. FELIX MILLER
Supervisory Trial Attorney

_____
MELVIN D. KENNEDY
Senior Trial Attorney
St. Louis District Office
Robert A. Young Federal Bldg.
1222 Spruce, Room 8.100
St. Louis, MO 63103
(314) 539-7915

6

EXHIBIT A
(Elks, BPOE, Lodge No 954)

NOTICE TO EMPLOYEES

Federal law prohibits discrimination against any employee or applicant for employment because of the individual's race, national origin, color, religion, sex, disability or age (forty and over) with respect to hiring, promotion, firing, compensation, or other terms, conditions or privileges of employment. Federal law also prohibits sexual harassment of employees and retaliation against employees because they have opposed practices they believe discriminate or are unlawful on the basis of race, national origin, color, religion, sex, disability or age (forty and over) or because they have filed charges with the EEOC or participated in or cooperated with an EEOC investigation.

Elks, BPOE, Lodge No 954 supports and will comply with such Federal law in all respects and will not take any action against employees because they have exercised their rights under the law. Specifically, Elks, BPOE, Lodge No 954 will not tolerate sexual harassment or discrimination against any employee, with regard to the terms and conditions employment because of his or her sex. Furthermore, Elks, BPOE, Lodge No 954 will not tolerate retaliation against any employee because an employee reports, protests or opposes any employment practice which is believed by such employee to be unlawful under Federal law.

Employees should feel free to report instances of sexual harassment or sex discrimination to the Equal Employment Opportunity Commission, St. Louis District Office, 1222 Spruce Street, Rm. 8.100. Further information about sex harassment, sex discrimination and how to file a report with the EEOC can be found at www.eeoc.gov.

                                                Exalted Ruler
                                                Elks, BPOE, Lodge No 954.